UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MARSALA,<br><br>            Petitioner,<br><br>       v.<br><br>CHANCE ANDES, Warden,<br><br>            Respondent. | Case No. 25-cv-10239-AMO (PR)<br><br>**ORDER STAYING HABEAS PROCEEDINGS; DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS; AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE THIS CASE UNTIL THE COURT ISSUES ORDER LIFTING STAY**<br><br>Re: Dkt. No. 1 |

Petitioner Joseph Marsala, a state prisoner currently incarcerated at San Quentin Rehabilitation Center, filed the instant habeas corpus action, representing himself.  He initially filed a request for stay and abeyance.  Dkt. 1.  Thereafter, he filed an initial petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Dkt. 4.  He has also filed an application for leave to proceed *in forma pauperis*.  Dkt. 5.

Marsala acknowledges that his petition contains exhausted claims as well as unexhausted claims that have not been exhausted before the state courts.  Dkt. 1 at 1; Dkt. 4 at 7-8.[1]  Therefore, he requests a stay of the proceedings while he completes the process of exhausting his unexhausted claims in state court.  *Id.*

Prisoners in state custody seeking to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).  The

_____

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Marsala.

exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the state courts, *see Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1996); or (2) no state remedy remains available, *see Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  Marsala states that he intends to file a post-conviction petition, which include the claims that were not exhausted at the time he filed the instant federal petition.  Dkt. 1 at 1.  Accordingly, the instant federal petition is a mixed petition.

District courts have the authority to issue stays of mixed petitions and the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not deprive them of that authority.  *Rhines v. Webber*, 544 U.S. 269, 277-78 (2005).  However, the district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court.  *Id.* at 277.

Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious.  *Id.*  Here, the court finds that Marsala has not engaged in dilatory tactics and the unexhausted claims appear to be potentially meritorious.

Good cause appearing, Marsala's request for a stay is **GRANTED**, dkt. 1, and the petition for a writ of habeas corpus is construed as a protective petition and **STAYED** so that Marsala can exhaust his unexhausted claims in the state courts.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (holding that prisoners who run risk of having federal statute of limitation expire while exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted"); *see also Rhines*, 544 U.S. at 277-78 (holding that district court has authority to stay mixed petition where there was good cause for petitioner's failure to exhaust claim in state court, and the claim is potentially meritorious).  The Clerk of the Court shall **ADMINISTRATIVELY CLOSE** the file pending the stay of this action.

Marsala must act diligently in exhausting his state judicial remedies, or the stay may be

United States District Court
Northern District of California

lifted. He must file quarterly reports describing the progress of his state court proceedings, commencing **twenty-eight (28) days** from the date of this Order and continuing every **ninety (90) days** thereafter until his state court proceedings are terminated. He must also attach to his status reports copies of the cover page of any document that he files with or receives from the state courts relating to the claims.

Nothing further will take place in this action until Marsala receives a final decision from the highest state court and, within **twenty-eight (28) days** of doing so, moves to reopen the action, lift the court's stay and amend the stayed petition to add the newly-exhausted claims.

Marsala's application to proceed *in forma pauperis* is **GRANTED**. Dkt. 5.

**IT IS SO ORDERED.**

Dated: 4/8/2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California